**NATIONAL LABOR RELATIONS BOARD, Appellant,**

v.

**The AMERICAN PAD & TEXTILE COMPANY, Appellee.**

No. 22663.

United States Court of Appeals
Fifth Circuit.

March 22, 1966.

Allen M. Hutter, Atty., N. L. R. B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Melvin Pollack, Atty., N. L. R. B., for appellant.

David B. Buerger, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for appellee.

Before HUTCHESON, BROWN and BURGER,* Circuit Judges.

PER CURIAM.

Petitioner seeks enforcement of its order of December 9, 1964, that the respondent company cease and desist from violating section 8(a) (3), (4) and (1) of the National Labor Relations Act. The Board found that the company had violated the above sections by its discriminatory layoff and refusal to reinstate employee Anna Magee because of her union organizational activities and because she testified on behalf of the union at a Board representation hearing. In addition, the Board found that the company had violated section 8(a) (1) by interrogating employee Magee about her union activities. Affirmatively the Board's order required the company to offer em-

---

* Of the D. C. Circuit sitting by designation.

ployee Magee reinstatement, to make her whole for any monetary loss she may have suffered and to post appropriate notices.

The only question presented is whether substantial evidence on the record as a whole supports the Board's findings of violations of the Act. The respondent company takes the position that "there is simply no truth in the Board's findings" and seeks by considering the findings in detail in the light of the record to show that they are based on misquoting, suppressing, and misstating the testimony. Some of the Board's factual findings are open to doubt, but we are unable on consideration of the whole record to say that there is no substantial evidence to support the ultimate conclusion that the company violated the Act. The requested enforcement must therefore be granted.

Order enforced.